## JOHN L. ELDER

*v.*

## FELICIA CORDRAY.

MARRIED WOMEN—*of their separate property.* Where a married woman had purchased a lot of ground with money obtained from a person other than her husband, and a house erected thereon was paid for in the same way, it was *held*, upon the facts, that personal property for which the house and lot were exchanged was the separate property of the wife, although the transaction was negotiated by her husband, and such personal property was not subject to levy and sale for his debts.

WRIT OF ERROR to the Circuit Court of Jasper county; the Hon. HIRAM B. DECIUS, Judge, presiding.

This was an action of replevin brought by Felicia Cordray against John L. Elder, for the recovery of certain horses levied upon by the defendant, as sheriff, under an execution against Henry Cordray, the husband of the plaintiff, upon the alleged ground that the horses were the property of said Henry. The plaintiff claimed they were her separate property, not subject to levy and sale for the debts of her husband.

A trial resulted in favor of the plaintiff, whereupon the defendant sued out this writ of error.

Mr. JOHN H. HALLEY, for the plaintiff in error.

Mr. E. CALLAHAN, for the defendant in error.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

The only question in this case was, whether the horses belonged to the plaintiff, Felicia Cordray, or to her husband. It appeared by the testimony of the former owner of the horses, that he exchanged them for a house and lot, delivering them to the plaintiff, and receiving a deed from her, although the transaction had been negotiated by her husband. The plaintiff herself testified that the lot was bought with her money received by her from her uncle's estate, and that the building of the house was paid for in the same way. The court below that tried the cause, a jury having been waived, gave credit to her testimony, and we can see no reason why it should not have done so, or why we should disturb the judgment.

*Judgment affirmed.*